# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BABETTE C. WRAY,

    Plaintiff,

v.

PATRICK R. DONAHUE, POSTMASTER
GENERAL, et al.,

    Defendants.

Case No. 2:13-cv-1006
JUDGE EDMUND A. SARGUS, JR
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 11), Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (ECF No. 15), and Defendants' Reply Brief in Support of their Motion to Dismiss (ECF No. 16). For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

I.

Plaintiff was employed as a full time mail processing clerk by the United States Postal Service at its Columbus, Ohio Processing and Distribution Center. As part of its National Reassessment Program ("NRP"), the Postal Service displaced Plaintiff to the Rewrap Unit on May 2, 2003, had no work available from October 11, 2008 through October 17, 2008, and placed her on standby from October 17, 2008 through November 12, 2010, at which time she was informed that there was no further employment available for her based upon her medical restrictions. Plaintiff filed discrimination and retaliation claims with the Postal Service's Equal Employment Opportunity ("EEO") division based on this action. On October 8, 2013, Plaintiff, who is proceeding without the assistance of counsel, brought this action appealing the results of her administrative claim. Plaintiff named the head of the Postal Service, Patrick R. Donahue, as

a defendant and also named individual Postal Service employees Trent Clark, Sr., Sue Grice, Sheri Bentley, Symentia Morris, Tammy Blake, Valerie Springhetti Roush, and Karen Murphy.

## II.

### A. Pro Se Litigants

A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings of a pro se litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

### B. Dismissal

Defendants move for dismissal under both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction); Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted). Defendants rely upon Rule 12(b)(1) as the standard for dismissal of the claims they contend were not properly exhausted at the administrative level. "However, a failure to exhaust administrative remedies – the asserted basis for the Government's motion – is not a jurisdictional bar, but rather a condition precedent to an action in federal court." *McKnight v. Gates*, 282 F. App'x 394, 397 n.2 (6th Cir. 2008) (citing *Zipes v. Trans World Airlines*, 455 U.S. 385, 393–98 (1982); *Mitchell v. Chapman*, 343 F.3d 811, 819–20 (6th Cir. 2003) ("It is well-established that a party's exhaustion of administrative processes for filing a claim of discrimination is a condition precedent to filing suit

in the district court, rather than a jurisdictional prerequisite"). Thus, the Court will utilize Rule 12(b)(6) to assess all of Defendants' arguments. *Id.* (stating that because exhaustion is a condition precedent, "the District Court assessed the Government's exhaustion argument pursuant to Rule 12(b)(6) standards, and we do the same"). *Id.*

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

The Court may also appropriately consider the documents that are part of an administrative record without converting a motion to dismiss into one for summary judgment. *Weldon v. Warren Cnty. Children Servs.*, 1:12-CV-279-HJW, 2012 WL 5511070 (S.D. Ohio Nov. 14, 2012) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88–89 (6th Cir.1997) (documents are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim); *Toth v. Grand Truck R.R.*, 306 F.3d 335, 348 (6th Cir. 2002) (courts may take judicial notice of orders issued by administrative agencies, such as the EEOC, pursuant to their delegated authority)).

3

### III.

This case involves the administrative process required of federal employees who bring lawsuits based upon discrimination. The Postal Service's NRP also impacts this case. The Court briefly reviews each statutory scheme.

### A. The National Reassessment Program

The Postal Service began development of the NRP in 2004. *Sandra M. Mcconnell v. John E. Potter*, EEOC DOC 0720080054, 2010 WL 332083, at *2 (Jan. 14, 2010).

> The goal of the NRP was to "standardize" the process used to assign work to injured-on-duty employees. Employees subject to the NRP were those who sustained an approved compensable injury as determined by the Department of Labor and who were determined to be either limited-duty employees or rehabilitation employees. Limited-duty employees are defined as injured-on-duty employees whom the agency expects will be able to return to their pre-injury positions as their medical conditions improve, while rehabilitation employees are defined as employees who were injured-on-duty and have reached a level of maximum medical improvement (MMI), and are not expected to be able to return to their pre-injury positions.

*Id.* (internal citations omitted).

There is currently a class action pending regarding the legality of the NRP. A Postal Service employee, Sandra M. McConnell, in her class complaint, alleges that the agency discriminated against her and other similarly situated class members when it failed to engage in the interactive process required by the Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq. See id.* McConnell further alleges that the Postal Service failed to reasonably accommodate her and the class members during and after the NRP process.

### B. Administrative Exhaustion

The United States Code of Federal Regulations, 29 C.F.R. §§ 1614.105 through 1614.109, set forth the steps that a federal employee must take before filing a lawsuit alleging

4

discrimination. These steps are designed to permit the agency to resolve the problem before federal court intervention. The particular type of discrimination claim at issue in the instant action is a "mixed case." That is, "a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection Board" ("MSPB") is referred to as a "mixed case." 29 C.F.R. § 1614.302(a).

In *Butler v. West.*, the United States Court of Appeals for the District of Columbia has "briefly survey[ed]" the statutory and regulatory scheme "that structure the prosecution of mixed cases," referring to it as "extremely complicated" but able to "be reduced to a decision tree, albeit a somewhat elaborate one."

> An employee who intends to pursue a mixed case has several paths available to her. At the outset, the aggrieved party can choose between filing a "mixed case complaint" with her agency's EEO office and filing a "mixed case appeal" directly with the MSPB. *See* 29 C.F.R. § 1614.302(b). By statute, the relevant agency EEO office and the MSPB can and must address both the discrimination claim and the appealable personnel action. *See* 5 U.S.C. § 7702(a). Should she elect the agency EEO route, within thirty days of a final decision she can file an appeal with the MSPB or a civil discrimination action in federal district court. *See* 29 C.F.R. §§ 1614.302(d)(1)(ii), 1614.302(d)(3), 1614.310(a). If 120 days pass without a final decision from the agency's EEO office, the same avenues of appeal again become available: the complainant can file either a mixed case appeal with the MSPB or a civil action in district court. *See* 5 U.S.C. §§ 7702(e)(1)(A), 7702(e)(2); 29 C.F.R. §§ 1614.302(d)(1)(i), 1614.310(g); 5 C.F.R. § 1201.154(b)(2).
>
> When a complainant appeals to the MSPB, either directly or after pursuing her claim with the agency EEO office, the matter is assigned to an Administrative Judge who takes evidence and eventually makes findings of fact and conclusions of law. *See* 5 C.F.R. §§ 1201.41(b), 1201.111. The AJ's initial decision becomes a final decision if neither party, nor the MSPB on its own motion, seeks further review within thirty-five days. *See* 5 C.F.R. § 1201.113. However, both the complainant and the agency can petition the full Board to review an initial decision. Should the Board deny the petition for review, the initial decision becomes final, *see* 5 C.F.R. § 1201.113(b); if the Board grants the petition, its decision is final when issued. *See* 5 C.F.R. § 1201.113(c). At this point, the Complainant again has a choice: within thirty days of receiving a final decision

5

from the MSPB, she can either appeal the discrimination claim to the EEOC, *see* 5 C.F.R. § 1201.157, or appeal the entire claim (or any parts thereof) to the appropriate district court. *See* 5 U.S.C. § 7703(b), 5 C.F.R. § 1201.175, 29 C.F.R. § 1614.310(b). . . .

164 F.3d 634, 638–39 (D.C. Cir. 1999) (footnotes omitted).

With this framework in mind, the Court reviews the administrative review process utilized by Plaintiff.

## IV.

### A. Plaintiff's Administrative Review

On November 12, 2010, Plaintiff was informed that, as part of the NRP process the Postal Service had determined that it had no position for her that was within her medical restrictions. (Defs.' Mot. to Dismiss, Ex. A; ECF No. 11-1.) Based on this incident, Plaintiff contacted an EEO counselor complaining of retaliation and of discrimination based on race, color, age, physical disability. Her claim was assigned Agency Case No. 1C-431-0007-11.

On December 22, 2010, the EEO counselor advised Plaintiff that because there was no resolution to her informal complaint, she had several options: She could opt to do nothing and no further action on her complaint would be made; she could file an appeal with the MSPB; or she could file a formal EEO complaint with the United States Postal Service within fifteen days of receipt of the December 22, 2010 letter. Plaintiff was also advised that her disability discrimination claim pertaining to the NRP was part of the *McConnell* pending class action and that if she chose to file a formal EEO Complaint on that issue, her complaint could be held in abeyance pending resolution of the class action. (Defs.' Mot. to Dismiss, Ex. A, at 9; ECF No. 11-1.)

On January 7, 2011, Plaintiff chose to file the EEO complaint with the Postal Service.

6

(Defs.' Mot. to Dismiss, Ex. B at 1–2; ECF No. 11-2.) On January 20, 2011, Plaintiff was served with an Agency Decision that informed her that her disability claim based on the NRP process would be subsumed into the pending EEOC class action case. (Defs.' Mot. to Dismiss, Ex. D; ECF No. 11-4.) The agency decision advised Plaintiff of her right to appeal to the EEOC the decision related to her disability discrimination claim. Plaintiff did not appeal this decision.

Also on January 20, 2011, the EEO accepted for investigation Plaintiff's complaint regarding her claims retaliation and of race, color, and age discrimination. (Defs.' Mot. to Dismiss, Ex. C; ECF No. 11-3.) Plaintiff was advised that her complaint would be processed as a mixed case pursuant to 29 C.F.R. § 1614.310 and was assigned Case No. 1C-431-0011-11. Plaintiff was informed about the administrative process and her rights of appeal to the MSPB if the agency failed to timely issue a final decision or if the agency issued a decision adverse to her.

On November 25, 2011, after investigating Plaintiff's complaints, the Postal Service issued a final agency decision finding no discrimination. (Defs.' Mot. to Dismiss, Ex. E; ECF No. 11-5.) Specifically, the decision indicated that Plaintiff failed to set forth a prima facie case of race, color, and/or age discrimination because she failed to show that similarly situated coworkers were treated more favorably. *Id.* at 11. Further, as to her age discrimination claim, Plaintiff failed to establish that age was a determinative factor in the agency's actions. *Id.* at 12. With regard to her retaliation claim, the decision stated that Plaintiff failed to show that there was a causal link between her prior EEO activity and the adverse action/treatment. *Id.* at 14. The decision went on to consider "for the sake of argument, that [Plaintiff] had established a prima facie case of discrimination based on Race, Color, Age and Retaliation." *Id.* at 15. In that

7

situation, the decision indicated that the Postal Service had articulated legitimate, nondiscriminatory reasons for its actions and Plaintiff failed to show that the reasons were a pretext for discrimination or retaliation. *Id.* at 15–18.

The final agency decision advised Plaintiff of her right to "appeal th[e] decision to the Merit System Protection Board, **not to the Equal Employment Opportunity Commission**," no later than thirty (30) days of the date of receipt of this decision." *Id.* at 19 (emphasis in original). Plaintiff was further advised that "[i]n lieu of an appeal to the [MSPB], [she] may file a civil action in an appropriate United States District Court within thirty (30) calendar days of the date of receipt of th[e] decision." *Id.*

## B. Plaintiff's Appeal of the Final Agency Decision

Although she was advised that she had no appeal rights to the EEOC, Plaintiff appealed to that agency and she also appealed to the MSPB.

### 1. Appeal to the MSPB

The final agency decision of the Postal Service was delivered to Plaintiff on November 30, 2011, but she did not file her appeal to the MSPB until January 4, 2012. (Ex Defs.' Mot. to Dismiss, Ex. F; ECF No. 11-6.) The MSPB held that Plaintiff's appeal was untimely and that Plaintiff "fail[ed] to allege sufficient facts that, if true, would establish a reasonable excuse for her failure to timely file her appeal." *Id.* at 2 (citing *Womack v. Merit Sys. Protection Brd.*, 798 F.2d 453, 455 (Fed. Cir. 1986)). Plaintiff moved for reconsideration of that decision, which was denied on October 25, 2012, making the decision a final appealable order. (Defs.' Mot. to Dismiss, Ex. G; ECF No. 11-7.) That final order specifically advised Plaintiff of her right to

appeal the decision to the federal courts within sixty days. *Id.* at 4 ("The court must receive your request for review no later than 60 calendar days after your receipt of this order."). Plaintiff did not appeal.

### 2. Appeal to the EEOC

While pursuing her appeal before the MSPB, Plaintiff also appealed the final agency decision to the EEOC. (Defs.' Mot. to Dismiss, Ex. H; ECF No. 11-8.) The EEOC dismissed the appeal, finding that the appeal should have been filed with the MSPB. Plaintiff requested reconsideration of the EEOC dismissal, which was denied on July 8, 2013. (Defs.' Mot. to Dismiss, Ex. I; ECF No. 11-9.) Plaintiff was informed of her right to appeal the decision to a federal district court. Plaintiff timely appealed the decision to this Court.

### V.

Defendants contend that they are entitled to dismissal of all of Plaintiff's claims for failure to exhaust and/or for failure to state a claim upon which relief can be granted. This Court agrees.

### A. Failure to Exhaust

#### 1. MSPB Decision Issued on October 25, 2012

In her appeal to the MSPB, Plaintiff requested review of the final order finding that the Postal Service had not discriminated against her. (Defs.' Mot. to Dismiss, Ex. F; ECF No. 11-6.) The MSPB dismissed Plaintiff's appeal as untimely. Plaintiff's request for reconsideration was denied on October 25, 2012. (Defs.' Mot. to Dismiss, Ex G; ECF No. 11-7.) That final order specifically advised Plaintiff of her right to request review:

NOTICE TO APPELLANT REGARDING FURTHER REVIEW RIGHTS

9

> You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:
>
> > United States Court of Appeals
> > for the Federal Circuit
> > 717 Madison Place, N.W.
> > Washington, DC 20439
>
> The court must receive your request for review no later than 60 calendar days after your receipt of this order. . . . .
>
> If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) [(mixed cases)]. You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

*Id.* at 4. *See also Stoll v. Principi*, 449 F.3d 263, 266 (1st Cir. 2006) (explaining review rights to the Federal Circuit under 5 C.F.R. § 1201.120, and additionally in a mixed case a civil action in an appropriate federal district court may also be filed within thirty days after receiving the Board's final decision, 5 C.F.R. § 1201.175).

It is undisputed that Plaintiff did not appeal this decision. Thus, Plaintiff has failed to exhaust her available administrative remedies and, therefore, cannot maintain an action in this Court.

### 2. Agency Decision Issued on Jan 20, 2011

In her Complaint in this Court, Plaintiff asserts that she is appealing the decision of the EEOC related to disability discrimination based upon the NRP. That decision, issued on January 20, 2011, informed Plaintiff that her claims related to disability discrimination are "identical to the claim(s) raised in the *McConnell* complaint" and that they would therefore be included in that

10

case "and processed accordingly as a member of the class action." (Defs.' Mot. to Dismiss, Ex. D at 2–3; ECF No. 11-4.) In that decision, Plaintiff was specifically informed of her right to appeal to the EEOC:

> APPEAL TO THE EEOC
>
> If you disagree with this decision, you may file an appeal with the Office of Federal Operations (OFO), Equal Employment Opportunity Commission (EEOC), PO Box 77960, Washington D.C. 20013-8960, within thirty (30) calendar days of your receipt of this decision. Enclosed is a copy of EEOC 573, Notice of Appeal;/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations, should you wish to appeal this matter. . . .
>
> Failure to file within the 30-day time period could result in the EEOC's dismissal of the appeal unless you explain, in writing, the extenuating circumstances which prevented you from filing within the prescribed time limit. In this event, extension of the time limit and acceptance of the appeal will be discretionary with the EEOC.

*Id.* at 2.

There is no dispute that Plaintiff did not appeal this decision. Therefore, again, she has not exhausted the available administrative remedies.

### B. Failure to State a Claim

Plaintiff has timely appealed to this Court the EEOC's dismissal of her appeal numbered 0120121163. In that appeal, Plaintiff moved the EEOC to review the Postal Service's final decision that found she was not discriminated against in her employment. "The decision on an appeal from an agency's final action shall be based on a de novo review . . . ." 29 C.F.R. § 1614.405.

Here, the Court finds that Plaintiff's appeal of the final agency decision to the EEOC was improper for the same reasons the EEOC decision indicated:

> In the present matter, the Agency determined that Complainant's claim was a mixed case complaint and issued a final decision finding no discrimination. The final decision gave Complainant mixed case rights and instructed her to file with

11

the MSPB, not the EEOC. Complainant however, filed her appeal from the Agency's final decision on a mixed case complaint with the EEOC, and it is DISMISSED.

(Defs.' Mot. to Dismiss, Ex. H at 1; ECF No. 11-8); *see also* 29 C.F.R. § 1614.302(d)(1)(ii) ("If the complainant is dissatisfied with the agency's final decision on the mixed case complaint, the complainant may appeal the matter to the MSPB (not EEOC) within 30 days of receipt of the agency's final decision[.]").

It is undisputed that Plaintiff received notice that she had no appeal rights to the EEOC from a final agency decision finding no discrimination. Specifically, Plaintiff was informed:

> Following the investigation of this complaint [for discrimination based on race, color, and age], you will receive a copy of the investigative report and a final agency decision will be issued to you without a hearing within forty-five (45) days of the date of your receipt of the investigative report. **If you are dissatisfied with the Postal Service's final agency decision on your complaint, you may appeal that decision to the Merit Systems Protection Board, not the Equal Employment Opportunity Commission,** within thirty (30) calendar days of your receipt of the final agency decision and request a hearing before the MSPB. In the alternative, you may file a civil action in the appropriate U.S. District Court within thirty (30) calendar days of the date of your receipt of the final agency decision. *See* 29 C.F.R. § 1614.310(a).

Defs.' Mot. to Dismiss, Ex. C at 3; ECF No. 11-3) (emphasis added).

The law and regulations provided Plaintiff the right to appeal the final agency order on her discrimination claims to the MSPB or the federal courts. Indeed, Plaintiff chose to file her appeal with the MSPB, although she did not timely do so. Plaintiff's simultaneous appeal of that decision to the EEOC was improper. The administrative record unequivocally shows that Plaintiff was given several notices of her rights of appeal and that she was informed that she had no had no right to appeal the final agency order to the EEOC. Accordingly, the Court finds that the EEOC properly dismissed Plaintiff's appeal.

12

## VI.

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss. (ECF No. 11.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendants.

**IT IS SO ORDERED.**

    8-21-2014
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**